UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

GERALD C. KNORR, JR.              :
                                  :
            Plaintiff             :
                                  :   NO. 3:CV-06-2427
       -vs-                       :
                                  :   (Judge Kosik)
                                  :
SUSQUEHANNA COUNTY PRISON,        :
WARDEN DONALD STEWART,            :
                                  :
            Defendants            :

## MEMORANDUM

Plaintiff, Gerald C. Knorr, Jr., an inmate confined at Susquehanna County Prison, filed the instant civil rights action pursuant to 42 U.S.C. §1983 on December 19, 2006. He proceeds *pro se* and *in forma pauperis* in this matter.[1]  The complaint is presently before the court for preliminary screening pursuant to 28 U.S.C. §1915.  For the reasons which follow, plaintiff will be required to file an amended complaint within twenty (20) days of the date of this Order.

The instant complaint as filed names two (2) defendants, the Susquehanna County Prison and Donald Stewart, Warden.  It is a running narrative on a form complaint consisting of four (4) pages. It outlines conditions of confinement and various incidents which

---

[1] Plaintiff completed this court's form application to proceed *in forma pauperis* and authorization to have funds deducted from his prison account.  The court then issued an Administrative Order directing the Warden at Susquehanna County Prison to commence deducting the full filing fee from plaintiff's prison trust fund account.

allegedly occurred while plaintiff was incarcerated at the Susquehanna County Prison. Plaintiff has also filed several supplemental documents with the court.

As previously noted, the only defendants named by plaintiff are the Susquehanna County Prison and its Warden Donald Stewart. A plaintiff, in order to state a viable civil rights claim under §1983, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995); *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

### Susquehanna County Prison

Case law has held that a prison or correctional facility is not a person within the meaning of §1983. *See Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973); *Philogene v. Adams County Prison*, Civ. No. 97-0043, slip op. at p.4 (M.D.Pa., January 30, 1997)(Rambo, C.J.); *Sponsler v. Berks County Prison*, Civ. A. 95-1136, 1995 WL 92370, at *1 (E.D.Pa., Feb. 28, 1995). Pursuant to the above standards, the Susquehanna County Prison is clearly not a person and may not be sued under §1983.

### Warden Stewart

Civil rights claims also cannot be premised on a theory of *respondeat superior*. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via

the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. *See* *Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976). As explained in *Rode*:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.

*Rode*, 845 F.2d at 1207.

Other than being named as a defendant, the complaint is completely silent with respect to Warden Stewart. There is no allegation asserted that the alleged deprivations were ordered by the Warden or resulted from a prison policy or custom approved by the Warden. There are no allegations that the Warden had any knowledge, participation or acquiescence in the alleged deprivations. Thus, it is apparent that the plaintiff is attempting to establish liability against Warden Stewart solely on the basis of his supervisory capacity. Consequently, under the standards announced in *Rode*, the claims against defendant Stewart are insufficient to set forth a cause of action.

Moreover, in addition to failing to set forth proper defendants, the complaint violates several Federal Rules of Civil Procedure. Therefore, we will direct plaintiff to file an amended complaint in conformity with the Rules of Civil Procedure. Specifically, plaintiff is directed to comply with Rules 8 and 10.

Plaintiff is reminded that the "amended complaint must be complete in all respects. It must be a new pleading which stands

by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F.Supp. 1185, 1198 (M.D.Pa. 1992). Additionally, it must establish the existence of actions by the defendants which have resulted in constitutional deprivations. *E.g., Rizzo v. Goode*, 423 U.S. 362, 370-73 (1976). It should specify which actions are alleged as to which defendants and when these actions occurred. The amended complaint must be "simple, concise, and direct" as required by the Rules of Civil Procedure. *See*, Fed.R.Civ.P. 8(e)(1).

Plaintiff is further advised that, when drafting his amended complaint, he must also comply with Fed.R.Civ.P. 10. Specifically, Fed.R.Civ.P. 10(b) provides, in relevant part, that all claims ". . . shall be made in numbered paragraphs, . . ." Fed.R.Civ.P. 10(b).

Finally, plaintiff is advised that if he fails, within the applicable time period, to file an amended complaint adhering to the standard set forth above, the instant action may be dismissed.[2] An appropriate Order will be entered.

---

[2]We note that plaintiff has filed a letter with the court in which he requested appointment of counsel. We hold plaintiff's request in abeyance pending the filing of the amended complaint.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

GERALD C. KNORR, JR.          :
                              :
            Plaintiff         :
                              :    NO. 3:CV-06-2427
       -vs-                   :
                              :    (Judge Kosik)
                              :
SUSQUEHANNA COUNTY PRISON,    :
WARDEN DONALD STEWART,        :
                              :
            Defendants        :

## **ORDER**

AND NOW, this 19th day of March, 2007, IT IS HEREBY ORDERED THAT:

(1) The plaintiff shall file an amended complaint within twenty (20) days of the date of this Order;

(2) The amended complaint shall properly allege a claim under 42 U.S.C. §1983;

(3) The amended complaint shall contain a simple, concise statement of the facts in numbered paragraphs, Fed.R.Civ.P. 8, 10;

(4) The amended complaint shall be filed to the same docket number as the instant action and shall be entitled "Amended Complaint";

(5) The amended complaint shall be complete in all respects. It shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed.

(6) Failure to timely file an amended complaint may result in a dismissal of the action.

> ***s/Edwin M. Kosik***
> United States District Judge