```
                 UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF PENNSYLVANIA


GERALD C. KNORR, JR.            :
                                :
            Plaintiff           :
                                :    NO. 3:CV-06-2427
       -vs-                     :
                                :    (Judge Kosik)
                                :
SUSQUEHANNA COUNTY PRISON,      :
WARDEN DONALD STEWART,          :
                                :
            Defendants          :
```

## **MEMORANDUM**

Before the court is plaintiff's request for an extension of time in which to file an amended complaint and request for appointment of counsel. For the reasons which follow, we will grant plaintiff's request for extension of time and deny his request for appointment of counsel.

### Background

Plaintiff, Gerald C. Knorr, Jr., an inmate confined at Susquehanna County Prison, filed the instant civil rights action pursuant to 42 U.S.C. §1983 on December 19, 2006. He proceeds *pro se* and *in forma pauperis*. On March 19, 2007, the complaint was preliminarily screened pursuant to 28 U.S.C. §1915. At that time, plaintiff was directed to file an amended complaint within twenty (20) days. He requests an extension of time. We will grant plaintiff an additional thirty (30) days in which to file an amended complaint.

In addition to a request for extension of time, plaintiff requests the appointment of counsel. We will deny the request for appointment of counsel.

It is a well-established principle that prisoners have no constitutional or statutory right to appointment of counsel in a civil case. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). Yet, district courts have broad discretionary power to appoint counsel under 28 U.S.C.. §1915. *Montgomery v. Pichak*, 294 F.2d 492, 499 (3d Cir. 2002), citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable instability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 499. In addition, a court must weigh the following factors when deciding whether the appointment of counsel is warranted:

1. The plaintiff's ability to present his or her own case;
2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and,

6. Whether the case will require testimony from expert witnesses.

*Montgomery*, 294 F.3d at 499, citing *Tabron*, 6 F.3d at 155-57.

We note that plaintiff has corresponded with the court on several occasions. A review of his filings thus far indicate that he is capable of filing an amended complaint on his own. Plaintiff possesses the ability to set forth his allegations to the court. Because of the present posture of the case, the court is unable to determine whether the case has some arguable merit. In addition, the issues do not appear to be overly complicated and any concern regarding the need for counsel to assist in trial preparation is premature at this time. Moreover, we note that plaintiff has retained private counsel to represent him in his state court criminal case.

Accordingly, plaintiff's motion for appointment of counsel will be denied, but without prejudice. Should further proceedings demonstrate the need for counsel, the matter can be reconsidered, either *sua sponte* or upon a motion properly filed.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

GERALD C. KNORR, JR.            :
                                :
        Plaintiff               :
                                :   NO. 3:CV-06-2427
        -vs-                    :
                                :   (Judge Kosik)
                                :
SUSQUEHANNA COUNTY PRISON,      :
WARDEN DONALD STEWART,          :
                                :
        Defendants              :

# **ORDER**

AND NOW, this 29th day of March, 2007, IT IS HEREBY ORDERED THAT:

(1) Plaintiff's request for extension of time in which to file an amended complaint is **GRANTED**. Plaintiff is directed to file an amended complaint within thirty (30) days from the date of this Order;

(2) Plaintiff's request for appointment of counsel is **DENIED**.

                                    *s/Edwin M. Kosik*
                                    United States District Judge